# Weinberg, Appellant, *v.* Tractenberg.

*Contract—Attorney at law—Affidavit of defense—Practice, C. P.*

In an action by an attorney at law to recover for professional services, the plaintiff alleged in his statement of claim that he was retained to represent defendant in the settlement of an estate; that at defendant's instance and request he associated with himself other counsel; that he performed the services; that they were worth $100, and that defendant had promised to pay him a proper and reasonable fee. Defendant in her affidavit of defense denied that the plaintiff was generally retained to act for her in the estate mentioned, but alleged that his employment was for a specific purpose. She denied that he had performed the services which he had undertaken to perform, and as a consequence she had suffered loss. She also denied that she ever authorized or requested him to employ other counsel. *Held*, that the affidavit of defense was sufficient to prevent judgment.

Argued Dec. 10, 1912.  Appeal, No. 261, Oct. T., 1912, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1912, No. 3,971, discharging rule for judgment for want of a sufficient affidavit of defense in case of Maurice G. Weinberg v. Sarah Tractenberg.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover for professional services.

The averments of the statement of claim and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Jacob Weinstein*, for appellant.

*Wm. Henry Smallock*, for appellee.

OPINION BY HEAD, J., April 21, 1913:

The plaintiff demands a summary judgment and took this appeal from the order of the court below discharging

his rule for such judgment. He alleges in his statement that he is an attorney at law and was retained by the defendant to represent her in the settlement of an estate. He avers further that in order that his client should be represented properly and that her interests should be advanced, he associated with himself other counsel at her instance and request. Whether or not he incurred any financial obligation in so doing, the statement does not declare. He avers that services were performed during a considerable period of time which were worth $100, and as the defendant, as he alleges, promised to pay him a proper and reasonable fee, he sues to recover the amount stated.

The defendant, in her affidavit, denies that the plaintiff was generally retained to act for her in the estate referred to, but alleges that his employment was for a specific purpose only. She denies that he has performed the services which, by the terms of her contract, he undertook to perform, and that, as a consequence, she has suffered financial loss. She denies that she ever authorized or requested him to employ other counsel, and in a word, as we view it, she avers a state of facts which, if established by proof, would certainly destroy the plaintiff's right to recover the sum for which he now seeks to have judgment.

We are of opinion therefore that the learned court below committed no error in discharging the rule for judgment.

The appeal is dismissed at the costs of the appellant . without prejudice, etc..